1  Trevor W. Barrett (SBN 287174)
2  tbarrett@donigerlawfirm.com
   Benjamin F. Tookey (SBN 330508)
3  btookey@donigerlawfirm.com
   DONIGER/BURROUGHS
4  603 Rose Avenue
5  Venice California 90291
   Telephone: (310) 590-1820
6  Attorneys for Plaintiff
7
8              **UNITED STATES DISTRICT COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNICOLORS, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHELLE MAE BOUTIQUE, an Oregon Corporation; ASHLEY E. LACER, an individual, d/b/a "MICHELLE MAE BOUTIQUE" and "MICHELLEMAEWHOLESALE.COM"; DAKOTA DARLING BOUTIQUE, a business entity of form unknown; VANESSA BARKL, an individual, d/b/a "DAKOTA DARLING BOUTIQUE"; THE BEE CHIC BOUTIQUE, a business entity of form unknown; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>**Jury Trial Demanded** |

Plaintiff, UNICOLORS, INC. ("Unicolors" or "Plaintiff"), by and through its undersigned attorneys, complains and alleges against Defendants as follows:

## NATURE OF ACTION

1. Plaintiff seeks injunctive relief and damages stemming from Defendants' MICHELLE MAE BOUTIQUE ("MMB"), ASHLEY E. LACER d/b/a "Michelle Mae Boutique" and "Michellemaewholesale.com" ("LACER"), DAKOTA DARLING BOUTIQUE ("DDB"), VANESSA BARKL d/b/a "Dakota Darlin Boutique" ("BARKL"), THE BEE CHIC BOUTIQUE ("BCB"), and DOES 1-10 (collectively "Defendants"), acts of copyright infringement in violation of the laws of the United States of America.

## JURISDICTION AND VENUE

2. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

4. The Court has personal jurisdiction over Defendants and each of them because Defendants have purposefully directed their unlawful conduct to this judicial district and have conducted substantial business in this judicial district.

5. Venue is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Venue and personal jurisdiction may also be appropriate under Fed. R. Civ. P. 4(k)(2).

## PARTIES

6. Plaintiff Unicolors is a corporation organized and existing under the laws of the State of California with its principal place of business located in Los Angeles County.

7. Plaintiff is informed and believes and thereon alleges that Defendant MMB is an Oregon corporation with its primary place of business located at 739

Medford Center, Medford, Oregon 97504 who does business in and with the state of California.

8. Plaintiff is informed and believes and thereon alleges that Defendant LACER is an individual residing in Medford, Oregon and is the founder and owner of MMB, identified as such on MMB's Facebook profile https://www.facebook.com/michellemaebrand/ (last visited on 06/23/2023). LACER, together with MMB, maintain an online marketplace at https://www.michellemaewholesale.com/.

9. Plaintiff is informed and believes and thereon alleges that Defendant DDB is a business entity of form unknown with its primary place of business located at PO Box 269, Arlington, South Dakota 57212, who does business in and with the state of California.

10. Defendant is informed and believes and thereon alleges that Defendant BARKL is an individual residing in Arlington, South Dakota and is the founder and owner of DDB, identified as such on BARKL's Facebook profile https://www.facebook.com/vanessa.brown22 (last visited on 06/26/2023). BARKL, together with DDB, maintain an online marketplace at https://www.dakotadarling.com/.

11. Plaintiff is informed and believes and thereon alleges that Defendant BCB is a business entity of form unknown located at 621 Barcelona Dr., Sonoma California 95476, and maintains an online marketplace at https://thebeechicboutique.com.

12. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues

said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

13. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO DESIGN EO518

14. Prior to the conduct complained of herein, Plaintiff composed an original two-dimensional artwork for purposes of textile printing. It allocated this design the name EO518 (hereinafter "Subject Design.") This artwork was a creation of Plaintiff and Plaintiff's design team, and is, and at all relevant times was, owned exclusively by Plaintiff.

15. Plaintiff applied for and received a United States Copyright Registration for the Subject Design.

16. Plaintiff did not know or have reason to know of Defendants' infringing conduct prior to three years before the filing of this Complaint.

17. Prior to the acts complained of herein, Plaintiff sampled and sold fabric bearing the Subject Design to numerous parties in the fashion and apparel industries.

18. Following this distribution of products bearing the Subject Design, Plaintiff's investigation revealed that certain entities within the fashion and apparel industries had misappropriated the Subject Design and were selling fabric and garments bearing illegal reproductions and derivations of the Subject Design.

19. Plaintiff is informed and believes and thereon alleges that, following this distribution of fabric bearing the Subject Design, LACER, MMB, DDB, BARKL, BCB, including certain DOE Defendants, created, sold, manufactured, caused to be manufactured, imported and/or distributed fabric and/or garments comprised of fabric bearing an unauthorized reproduction of the Subject Design ("Subject Products."). The Infringing Products includes garments designated SKU 77233654 and bearing the label "Michelle Mae."

20. A comparison of the Subject Design (left) and non-exclusive exemplars of the Subject Products (right) are set forth below; it is apparent that the elements, composition, colors, arrangement, layout, and appearance of the designs are substantially similar:

/ / /

/ / /

/ / /

| Subject Design EO518 | Subject Products Exemplars |
|---|---|
| | |
| **Detail** | **Detail** |

# FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

21. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

22. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas converters and printing mills; (c) access to Plaintiff's strike-offs and samples, and (d) garments manufactured and sold to the public bearing fabric lawfully printed with the Subject Design by Plaintiff for its customers.

23. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures garments and/or is a garment vendor. Plaintiff is further informed and believes and thereon alleges that said Defendant(s) has an ongoing business relationship with Defendant retailer, and each of them, and supplied garments to said retailer, which garments infringed the Subject Design in that said garments were composed of fabric which featured unauthorized print design(s) that were identical or substantially similar to the Subject Design, or were an illegal derivation or modification thereof.

24. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Design and by producing, distributing and/or selling garments which infringe the Subject Design through retail stores and on-line websites.

25. Due to Defendants' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

26. Due to Defendants' acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

27. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design in an amount to be established at trial.

28. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

29. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

30. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Design as alleged herein.

31. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

32. By reason of the Defendants', and each of their acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

33. Due to Defendants', and each of their acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Design, in an amount to be established at trial.

34. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's copyrights in any manner, specifically those for the Subject Design;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That a trust be imposed over the revenues derived by Defendants, and each of them, through the sales or distribution of the products at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

e. That Defendants, and each of them, account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: June 29, 2023                                    Respectfully submitted,

By: _____
Trevor W. Barrett, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*